## WILLIAMS *vs.* STEWART.

1. The vendor's lien for the unpaid purchase money is good against the vendee, his heirs and devisees, executors and administrators, all volun- teers and purchasers who had notice of the lien before paying the pur- chase money, and may be set up as a defense to a note given to the vendee by a purchaser of the land, where the same has been transferred as collateral security, provided the holder took it with full knowledge of all the outstanding equities between the parties.

Assumpsit in Butts Superior Court. Tried before Judge CABANISS, at September Term, 1859.

This was an action by Levin J. Stewart against Theophi- lus Williams, on a promissory note given by Williams to one Richard L. Harvey, and held by plaintiff, as bearer. The note was dated 2d October, 1851, payable 25th December, 1853, for $150 00.

 The defense was, that the note was given by defendant to Harvey in part payment of a lot or tract of land purchased by defendant of Harvey ; that Harvey had before purchased said land from one Dismukes. Failing to pay the purchase money, Dismukes asserted the vendor's lien, and to relieve the land from said lien, defendant had paid to Dismukes the balance of the purchase money due by Harvey, and which was equal to the amount of the note sued on ; and it appeared that Stewart, when he traded for the note, had full knowl- edge of the above facts ; that Harvey was insolvent, and had moved from or left the State.

The Court, amongst other things, charged the jury, that if the defendant was aware of the incumbrance, the vendor's lien, when he purchased the land from Harvey, and gave his note in payment thereof, and took a warranty of title from Harvey, there was no fraud or deceit practiced upon him by Harvey, and he could not defeat a recovery on the note in this action by a plea of failure of consideration, but his rem- edy was against Harvey upon his warranty, If he had such notice, he took the land with a knowledge of the defect of the title, and must rely upon his warranty for indemnity.

The jury found for the defendant, notwithstanding the aforesaid charge of the Court. Plaintiff moved for a new

trial, on the ground that the verdict was contrary to evidence and law and the charge of the Court.

The presiding Judge granted the motion, set aside the verdict, and ordered a new trial, and defendant excepted.

D. N. MARTIN; G. J. GREEN, for plaintiff in error.

DOYAL & CAMPBELL, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The facts of this case are briefly these : Jesse Dismukes sold to Richard L. Harvey a tract of land, for which Harvey gave his note. Harvey sold the same land to Theophilus Williams, taking his note in payment. Williams' note was transferred to Levin J. Steward by Harvey, who, as well as Williams, had knowledge of Dismukes' vendor's lien upon the land. Harvey made to Williams a warranty deed. This action is brought by Stewart to recover this note of Williams, who resists the payment upon the ground that the consideration had failed on account of the outstanding lien upon land which has been decreed to be paid.

Upon this state of facts, the Court charged the jury, that Williams must pay his note to Stewart and look to Harvey for indemnity upon the warranty in his deed. The jury found for the defendant, and the Court granted a new trial, because the verdict was contrary to the charge of the Court. And to this decision Williams excepts.

We cannot concur with the Court in the view which it took of the law of this case. Stewart is not an innocent holder of this note ; on the contrary, the proof is ample that he took it merely as collateral security for money which he had paid for Harvey, and with full knowledge of all the equities subsisting between all the parties. He occupied precisely the same position that Harvey would, had the suit been brought by him ; and in that event it would not be pretended that Williams would be compelled to pay the note to Harvey and be driven to a cross-action against Harvey, who has left the country insolvent. But he might defend the note on account of the failure of consideration occasioned by the outstanding encumbrance, to-wit: the vendor's lien.

Our conclusion, therefore, is that the verdict was in ac-

cordance with the law and the evidence, and that the new trial ought not to have been granted.

Judgment reversed.